Saul S. Streit, J.
On March 28, 1956 the board of directors of defendant corporation fixed April 9, 1956 as the record date for determining what stockholders would be entitled to vote at the annual meeting of stockholders scheduled to be held on May 7, 1956. The meeting started on May 7, 1956, but was adjourned, without the nomination or election of any directors, to June 19, 1956. On June 7, 1956 the board of directors fixed June 8, 1956 as the record date for the adjourned meeting. *572 The legal question presented, on this motion for a temporary injunction, is whether the board of directors was, as plaintiffs claim, without power to change the record date fixed for the meeting of May 7, notwithstanding the fact that the changed record date relates only to matters to be voted upon at the adjourned date, more than six weeks later.
Had the board of directors refrained from fixing any record date for the annual meeting tó be held on May 7, the persons entitled to vote on the date to which the meeting was adjourned would be those who were stockholders on the adjourned date. “ The right of a person to vote at an adjourned meeting is to be determined by his status as a stockholder at the time when such meeting is held, and stockholders not present or represented at the original meeting and new stockholders, who have become such since the original meeting, are entitled to vote ”. (5 Fletcher’s Cyclopedia Corporations, § 2015, p. 93. To the same effect, see Doris & Friedman, Corporate Meetings, Minutes and Eesolutions, p. 19; 18 C. J. S., Corporations, § 555, p. 1269; 2 Thompson on Corporations [3d ed.], § 946, p. 314; Vogtman v. Merchants’ Mtge. & Credit Co., 20 Del. Ch. 364.)
The principle that those who are stockholders at the time measures are put to a vote should be entitled to vote, rather than those who were stockholders at an earlier date, but ceased to be such by the time of the casting of stockholders’ votes, is subject to an exception where the board of directors chooses to avail itself of the permission granted by section 47 of the Stock Corporation Law to fix a record date for the determination of the stockholders entitled to vote at a meeting. Section 47 (supra) is intended for the administrative convenience of corporations, in order ‘ ‘ to facilitate the conduct of corporate affairs and make for certainty therein ” (Matter of Bruder & Son, Inc., 302 N. Y. 52, 57; see Fletcher’s Cyclopedia Corporations, § 2033, p. 151), rather than for the benefit of stockholders who happen to be the record owners on the date fixed by the board. Since the board was under no obligation to fix any record date for the original meeting or for the adjourned meeting, this court is unable to perceive any valid reason for denying to the board the power to change the record date, for the purposes of the adjourned meeting from that fixed for the original meeting, held more than six weeks prior to the date set for the adjourned meeting. No statute or decision holding that the board has no such power is cited by plaintiffs. In the absence of authority to the contrary, this court is of opinion that both logic and public policy are in favor of a holding that *573 the board has power to change a previously fixed record date in the circumstances here presented. The result is a salutary one, for those who are stockholders of record on June 9, 1956 will thus be permitted at the meeting of June 19, 1956 to elect the directors who will manage the corporate affairs, rather than those who were stockholders of record on April 9, 1956, two months earlier. Indeed, the clear intent of section 47 (supra) is that not more than 40 days shall elapse between the record date and the casting of stockholders’ votes, for it is therein provided that the directors “ may fix a time not more than forty days prior to the date of any meeting of stockholders ”. If plaintiffs’ arguments were to prevail, the record date in the case at bar would be 70 days before the voting to be had on June 19, and the gap could be even greater in a case where a meeting is adjourned for a longer period.
Defendants urge that it was mandatory upon the board to fix a new record date, not more than 40 days prior to June 19. Plaintiffs, on the other hand, maintain that the meeting of June 19, having been adjourned from May 7, is still technically a meeting of May 7 within the meaning of section 47 (supra). It is, however, unnecessary to decide this question, for even if keeping the record date of April 9 for the voting to be had on June 19, much as it violates the spirit and intent of section 47, would not violate the letter of that section, the court holds that the board of directors, assuming that it was not legally required to change the record date, had the power to do so.
In view of the conclusion reached, it is unnecessary to consider the effect of the directors’ resolutions of June 7, 1956 to the extent that they refer to section 22 of the General Corporation Law, and seek to give the June 19 meeting a dual aspect, viz.: (1) an adjourned meeting and (2) a meeting called pursuant to section 22 (supra). Whether the meeting of June 19 is characterized as only an adjourned meeting or also, in addition, as a meeting pursuant to section 22 (supra), is immaterial, since in either event, the purpose of the meeting is to elect directors.
The motion is denied.